John A. Vogt (State Bar No. 198677)
Jeremy S. Close (State Bar No. 260226)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California  92612
(T) 949.851.3939
(F) 949.553.7539
javogt@jonesday.com
jsclose@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY CARSON, and all similarly situated individuals;<br><br>              Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>              Defendant. | Case No. 8:17-cv-02232-JVS-KES<br><br>Hon. James V. Selna<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed:  December 22, 2017 |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Terry Carson's Complaint (the "Complaint") as follows:

### RESPONSE TO JURISDICTION AND VENUE ALLEGATIONS

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged there is supplemental jurisdiction to hear Plaintiff's state law

1   claims based on 28 U.S.C. § 1367.  Experian states that this is a legal conclusion

2   which is not subject to denial or admission.

3          3.      In response to paragraph 3 of the Complaint, Experian admits that

4   Plaintiff has alleged jurisdiction based on the Class Action Fairness Act, 28 U.S.C.

5   § 1332(d)(2).  Experian states that this is a legal conclusion which is not subject to

6   denial or admission.  As to the remaining allegations, Experian is without

7   knowledge or information sufficient to form a belief as to the truth of those

8   allegations that relate to Experian and to non-party Alteryx, and, on that basis,

9   denies, generally and specifically, each and every remaining allegation contained in

10  paragraph 3 of the Complaint.

11         4.      In response to paragraph 4 of the Complaint, Experian admits that

12  Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

13  Experian states that this is a legal conclusion which is not subject to denial or

14  admission.

15                     **RESPONSE TO PARTIES ALLEGATIONS**

16         5.      In response to paragraph 5 of the Complaint, Experian is without

17  knowledge or information sufficient to form a belief as to the truth of the

18  allegations contained therein and, on that basis, denies, generally and specifically,

19  each and every allegation contained in paragraph 5 of the Complaint.

20         6.      In response to paragraph 6 of the Complaint, Experian states that the

21  allegations made in paragraph 6 are legal conclusions which are not subject to

22  denial or admission. To the extent a response is required, Experian is without

23  knowledge or information sufficient to form a belief as to the truth of the

24  allegations contained therein and, on that basis, denies, generally and specifically,

25  each and every allegation contained therein.

26         7.      In response to paragraph 7 of the Complaint, Experian denies that it is

27  a Delaware corporation.  Experian admits that its principal place of business is in

28  Costa Mesa, California.  Experian further admits that it is qualified to do business

and conducts business in the States of California and Ohio.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

8.     In response to paragraph 8 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9.     In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### RESPONSE TO FACTUAL ALLEGATIONS

10.     In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Complaint, Experian admits that the allegations contained therein appear to set forth a rationale or legislative intent behind the Fair Credit Reporting Act ("FCRA") and a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 11 inconsistent therewith.

12.     In response to paragraph 12 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 12 inconsistent therewith.

13.     In response to paragraph 13 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA.  Experian

affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 13 inconsistent therewith.

14.     In response to paragraph 14 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 14 inconsistent therewith.

15.     In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 19 inconsistent therewith.  Experian further denies that it violated its disclosure obligations and denies that it has adopted unreasonable procedures.  Experian denies, generally and specifically, the remaining allegations contained therein.

20.     In response to paragraph 20 of the Complaint, Experian states this is a legal conclusion which is not subject to denial or admission.  To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

EXPERIAN ANSWER TO COMPLAINT
Case No. 8:17-cv-02232-JVS-KES

21.     In response to paragraph 21 of the Complaint, Experian states this is a legal conclusion which is not subject to denial or admission.  To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian states this is a legal conclusion which is not subject to denial or admission.  To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 24 which relate to non-party Alteryx, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

26.     In response to paragraph 26 of the Complaint, Experian denies that it has a "ConsumerView" marketing database.  Experian denies that the cited material states that ConsumerView is "the world's largest consumer database," but admits the cited materials describe ConsumerView as having "thousands of attributes on more than 300 million consumers and 126 million households."  As to the allegation regarding the types of data available through ConsumerView, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, denies, generally and specifically, the allegation.  As to the allegation that the described types of data available through ConsumerView

EXPERIAN ANSWER TO COMPLAINT
Case No. 8:17-cv-02232-JVS-KES

"constituted PII," Experian states this is a legal conclusion which is not subject to denial or admission; to the extent a further response is required, Experian denies, generally and specifically, the allegation.

27.     In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Experian denies that it collected "behavioral" data.  Experian further denies that it ever transmitted and sold "behavioral" data to third parties.  As to the remaining allegations regarding non-parties Alteryx and Equifax, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies, generally and specifically, the allegations.

30.     In response to paragraph 30 of the Complaint, Experian states this is a legal conclusion which is not subject to denial or admission.  To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 32 of the Complaint that relates to Experian.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the

1  allegations contained therein and, on that basis, denies, generally and specifically,
2  the remaining allegations.

3      33.    In response to paragraph 33 of the Complaint, Experian is without
4  knowledge or information sufficient to form a belief as to the truth of the
5  allegations contained therein and, on that basis, denies, generally and specifically,
6  each and every allegation contained in paragraph 33 of the Complaint.

7      34.    In response to paragraph 34 of the Complaint, Experian denies,
8  generally and specifically, each and every allegation contained in paragraph 34 of
9  the Complaint that relates to Experian.  As to the remaining allegations, Experian is
10  without knowledge or information sufficient to form a belief as to the truth of the
11  allegations contained therein and, on that basis, denies, generally and specifically,
12  each and every remaining allegation contained therein.

13     35.    In response to paragraph 35 of the Complaint, Experian states that the
14  allegations contained therein are legal conclusions not subject to admission or
15  denial.  To the extent a response is required, Experian denies, generally and
16  specifically, each and every allegation contained in paragraph 35.

17     36.    In response to paragraph 36 of the Complaint, Experian states that the
18  allegations contained therein are legal conclusions not subject to admission or
19  denial.  To the extent a response is required, Experian denies, generally and
20  specifically, each and every allegation contained in paragraph 36.

21     37.    In response to paragraph 37 of the Complaint, Experian states that the
22  allegations contained therein are legal conclusions not subject to admission or
23  denial.  To the extent a response is required, Experian denies, generally and
24  specifically, each and every allegation contained in paragraph 37.

25     38.    In response to paragraph 38 of the Complaint, Experian states that the
26  allegations contained therein are legal conclusions not subject to admission or
27  denial.  To the extent a response is required, Experian denies, generally and
28  specifically, each and every allegation contained in paragraph 38.

39.     In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 40 of the Complaint.

41.     In response to paragraph 41 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 41.

42.     In response to paragraph 42 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 42.

43.     In response to paragraph 43 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 43.

44.     In response to paragraph 44 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 44.

45.     In response to paragraph 45 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 45.

46.     In response to paragraph 46 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or

denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 46 of the Complaint.

47.    In response to paragraph 47 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 47.

## RESPONSE TO CLASS ALLEGATIONS

48.    In response to paragraph 48 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of a class.  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein.

49.    In response to paragraph 49 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of a subclass.  Experian denies that the proposed subclass satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein.

50.    In response to paragraph 50 of the Complaint, Experian states that the allegations of paragraph 50 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

51.     In response to paragraph 51 of the Complaint, Experian states that the allegations of paragraph 51 contain legal conclusions not subject to admission or denial.  To the extent a response is required,  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

52.     In response to paragraph 52 of the Complaint, Experian states that the allegations of paragraph 52 contain legal conclusions not subject to admission or denial.  To the extent a response is required,  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

53.     In response to paragraph 53 of the Complaint, Experian states that the allegations of paragraph 53 contain legal conclusions not subject to admission or denial.  To the extent a response is required,  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

54.     In response to paragraph 54 of the Complaint, Experian states that the allegations of paragraph 54 contain legal conclusions not subject to admission or denial.  To the extent a response is required,  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may

EXPERIAN ANSWER TO COMPLAINT
Case No. 8:17-cv-02232-JVS-KES

properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

55.     In response to paragraph 55 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of a class.  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein.

56.     In response to paragraph 56 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of a subclass.  Experian denies that the proposed subclass satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein.

57.     In response to paragraph 57 of the Complaint, Experian states that the allegations of paragraph 57 contain legal conclusions not subject to admission or denial.  To the extent a response is required,  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

58.     In response to paragraph 58 of the Complaint, Experian states that the allegations of paragraph 58 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

59.    In response to paragraph 59 of the Complaint, Experian states that the allegations of paragraph 59 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

60.    In response to paragraph 60 of the Complaint, Experian states that the allegations of paragraph 60 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

61.    In response to paragraph 61 of the Complaint, Experian states that the allegations of paragraph 61 contain legal conclusions not subject to admission or denial.  To the extent a response is required,  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

**RESPONSE TO COUNT ONE:  VIOLATIONS OF 15 U.S.C. § 1681, *et al.*,**
**Plaintiff and Classes 1 and 2**

62.    In response to paragraph 62 Experian incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

EXPERIAN ANSWER TO COMPLAINT
Case No. 8:17-cv-02232-JVS-KES

63.     In response to paragraph 63 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of a class.  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.

64.     In response to paragraph 64 of the Complaint, Experian states that the allegations of paragraph 64 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

65.     In response to paragraph 65 of the Complaint, Experian states that the allegations of paragraph 65 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

66.     In response to paragraph 66 of the Complaint, Experian states that the allegations of paragraph 66 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

67.     In response to paragraph 67 of the Complaint, Experian states that the allegations of paragraph 67 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

**RESPONSE TO COUNT TWO:  VIOLATION OF ORC 1345.01, *et seq.*,**

**Plaintiff, Ohio Subclasses 1 and 2**

68.     In response to paragraph 68 Experian incorporates by reference the paragraphs of this Answer numbered 1 through 61 as though fully stated herein.

69.     In response to paragraph 69 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of subclasses.  Experian denies that the proposed subclasses satisfy the requirements of Federal Rule of Civil Procedure

23 or are otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.

70.     In response to paragraph 70 of the Complaint, Experian states that the allegations of paragraph 70 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

71.     In response to paragraph 71 of the Complaint, Experian states that the allegations of paragraph 71 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

72.     In response to paragraph 72 of the Complaint, Experian states that the allegations of paragraph 72 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

73.     In response to paragraph 73 of the Complaint, Experian states that the allegations of paragraph 73 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

74.     In response to paragraph 74 of the Complaint, Experian states that the allegations of paragraph 74 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Complaint, Experian states that the allegations of paragraph 75 contain legal conclusions not subject to admission or

denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

76.     In response to paragraph 76 of the Complaint, Experian states that the allegations of paragraph 76 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

77.     In response to paragraph 77 of the Complaint, Experian states that the allegations of paragraph 77 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO COUNT THREE:  DECLARATORY RELIEF PURSUANT TO 28 U.S.C. 2201,

### Plaintiff, Classes 1 and 2, and Ohio Subclasses 1 and 2

78.     In response to paragraph 78 Experian incorporates by reference the paragraphs of this Answer numbered 1 through 61 as though fully stated herein.

79.     In response to paragraph 79 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of a class.  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.

80.     In response to paragraph 80 of the Complaint, Experian admits that Plaintiff request a declaration.  Experian denies that Plaintiff or the putative class members are entitled to the declaration they seek, or any declaration from the Court regarding Experian.

81.     In response to paragraph 81 of the Complaint, Experian admits that Plaintiff request a declaration.  Experian denies that Plaintiff or the putative class members are entitled to the declaration they seek, or any declaration from the Court regarding Experian.

82.     In response to paragraph 82 of the Complaint, Experian admits that Plaintiff request an order for injunctive relief.  Experian denies that Plaintiff or the putative class members are entitled to any injunctive relief from the Court regarding Experian.

83.     In response to paragraph 83 of the Complaint, Experian admits that Plaintiff request an award of costs of litigation and reasonable attorneys' fees.  Experian denies that Plaintiff and the putative class members are entitled to attorneys' fees or costs from Experian.

84.     In response to paragraph 84 of the Complaint, Experian denies that Plaintiff is entitled to other relief against Experian.

## RESPONSE TO COUNT FOUR:  Negligence,
## Plaintiff and Ohio Subclasses 1 and 2

85.     In response to paragraph 85 Experian incorporates by reference the paragraphs of this Answer numbered 1 through 61 as though fully stated herein.

86.     In response to paragraph 86 of the Complaint, Experian admits that Plaintiff purports to bring this action on behalf of subclasses.  Experian denies that the proposed subclasses satisfy the requirements of Federal Rule of Civil Procedure 23 or are otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.

87.     In response to paragraph 87 of the Complaint, Experian states that the allegations of paragraph 87 contain legal conclusions not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

88.     In response to paragraph 88 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

89.     In response to paragraph 89 of the Complaint, Experian states that the allegations of paragraph 89 contain legal conclusions not subject to admission or

1    denial.  To the extent a response is required, Experian denies, generally and

2    specifically, each and every allegation contained therein.

3                    **RESPONSE TO PRAYER FOR RELIEF**

4            Experian denies that Plaintiff, both individually and on behalf of the putative

5    classes and subclasses, is entitled to any damages, award of costs or attorney's fees,

6    equitable declaratory and injunctive relief, or any other relief against Experian as

7    set forth in her prayer for relief.

8                    **RESPONSE TO DEMAND FOR JURY TRIAL**

9            Experian admits that Plaintiff has demanded a trial by jury on all issues

10   triable.

11                    **<u>AFFIRMATIVE DEFENSES</u>**

12           In further response to Plaintiff's Complaint, Experian hereby asserts the

13   following affirmative defenses, without conceding that it bears the burden of

14   persuasion as to any of them.

15                    **<u>FIRST AFFIRMATIVE DEFENSE</u>**

16                    **<u>(FAILURE TO STATE A CLAIM)</u>**

17           The Complaint herein, and each cause of action thereof, fails to set forth facts

18   sufficient to state a claim upon which relief may be granted against Experian and

19   further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any

20   other relief whatsoever from Experian.

21                    **<u>SECOND AFFIRMATIVE DEFENSE</u>**

22                    **<u>(IMMUNITY)</u>**

23           All claims against Experian are barred by the qualified immunity of 15

24   U.S.C. § 1681h(e).

25                    **<u>THIRD AFFIRMATIVE DEFENSE</u>**

26                    **<u>(TRUTH/ACCURACY OF INFORMATION)</u>**

27           All claims against Experian are barred because all information Experian

28   communicated to any third person regarding Plaintiff was true.

1

## FOURTH AFFIRMATIVE DEFENSE

2

## (INDEMNIFICATION)

3        Experian is informed and believes and thereon alleges that any purported

4   damages allegedly suffered by Plaintiff are the results of the acts or omissions of

5   third persons over whom Experian had neither control nor responsibility.

6

## FIFTH AFFIRMATIVE DEFENSE

7

## (FAILURE TO MITIGATE DAMAGES)

8        Plaintiff has failed to mitigate his damages.

9

## SIXTH AFFIRMATIVE DEFENSE

10

## (LACHES)

11        The Complaint and each claim for relief therein are barred by laches.

12

## SEVENTH AFFIRMATIVE DEFENSE

13

## (CONTRIBUTORY/COMPARATIVE FAULT)

14        Experian is informed and believes and thereon alleges that any alleged

15   damages sustained by Plaintiff were, at least in part, caused by the actions of

16   Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own

17   negligence which equaled or exceeded any alleged negligence or wrongdoing by

18   Experian.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

## (ESTOPPEL)

21        Any damages which Plaintiff may have suffered, which Experian continues

22   to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore,

23   Plaintiff is estopped and barred from recovery of any damages.

24

## NINTH AFFIRMATIVE DEFENSE

25

## (UNCLEAN HANDS)

26        The Complaint, and each claim for relief therein that seeks equitable relief,

27   are barred by the doctrine of unclean hands.

28

1    **TENTH AFFIRMATIVE DEFENSE**

2    **(WAIVER)**

3    Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

4    **ELEVENTH AFFIRMATIVE DEFENSE**

5    **(NO CAUSATION)**

6    No act or omission of Defendant was a cause in fact or a proximate cause of

7    the injuries and damages, if any, sustained by Plaintiff.

8    **TWELFTH AFFIRMATIVE DEFENSE**

9    **(NO BREACH OF DUTY)**

10   Plaintiff's claims cannot be maintained because Defendant did not breach

11   any duties, if any, owed to Plaintiff.

12   **THIRTEENTH AFFIRMATIVE DEFENSE**

13   **(NO INJUNCTIVE RELIEF AVAILABLE)**

14   Plaintiff's causes of action are barred, in whole or in part, because there is no

15   basis for injunctive relief in this action.  Plaintiffs cannot show that:  (1) they will

16   suffer an irreparable injury without injunctive relief; (2) remedies available at law

17   are inadequate; (3) the threatened injury outweighs any damage the defendant might

18   suffer as a result of the injunction; and (4) the injunction will not disserve the

19   public interest.

20   **FOURTEENTH AFFIRMATIVE DEFENSE**

21   **(RIGHT TO ASSERT ADDITIONAL DEFENSES)**

22   Experian reserves the right to assert additional affirmative defenses at such

23   time and to such extent as warranted by discovery and the factual developments in

24   this case.

25   **PRAYER FOR RELIEF**

26   WHEREFORE, Defendant Experian Information Solutions, Inc. prays as

27   follows:

28

1      (1)    That Plaintiff take nothing by virtue of the Complaint herein and that

2      this action be dismissed in its entirety;

3      (2)    For costs of suit and attorneys' fees herein incurred; and

4      (3)    For such other and further relief as the Court may deem just and

5      proper.

7      Dated: February 15, 2018          JONES DAY

9      By: */s/ John Vogt*

10            John A. Vogt

11      Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.