1  Richard J. Grabowski (State Bar No. 125666)
2  John A. Vogt (State Bar No. 198677)
   Edward S. Chang (State Bar No. 241682)
3  Ryan D. Ball (State Bar No. 321772)
4  JONES DAY
   3161 Michelson Drive, Suite 800
5  Irvine, California 92612
6  (T) 949.851.3939
   (F) 949.553.7539
7  rgrabowski@jonesday.com
8  javogt@jonesday.com
   echang@jonesday.com
9  rball@jonesday.com

10 Attorneys for Defendant
11 EXPERIAN INFORMATION SOLUTIONS,
   INC.
12

13             UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16 TERRY CARSON, and all similarly situated individuals;<br>17<br>18              Plaintiff,<br>19      v.<br>20 EXPERIAN INFORMATION SOLUTIONS, INC.,<br>21<br>22              Defendant.<br>23<br>24 | Case No. 8:17-cv-02232-JVS-KES<br>Honorable James V. Selna<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Hearing Date:   June 3, 2019<br>Hearing Time:   1:30 p.m.<br>Courtroom:      10C |

25

26

27

28

**INTRODUCTION**

Defendant Experian Information Solutions, Inc. ("EIS") submits this reply in support of its Motion to Stay discovery (ECF No. 74) ("Motion to Stay"), which was filed in conjunction with EIS's Motion to Dismiss for Lack of Jurisdiction, or Alternatively for Judgment on the Pleadings (ECF No. 73) ("Motion to Dismiss"). The Court's ruling on the Motion to Dismiss will materially impact (or potentially fully resolve) this litigation. Plaintiffs have had over a year and four opportunities to plead their case, based not only on EIS's document productions, but also based on information Plaintiffs purportedly learned from several other cases cited in the Third Amended Complaint ("TAC"). ECF No. 57 at ¶¶ 20, 27-28, 43-45. Despite this, all of Plaintiffs' claims suffer from substantial defects, including lack of jurisdiction, and Plaintiffs should not be permitted to pursue baseless discovery when they lack standing to assert any of the claims plead in the TAC.

Granting a temporary stay of discovery is warranted to preserve the time and resources of the Court, EIS, and third-parties, particularly when the pleadings are not settled and the scope of discovery has not been defined. Plaintiffs have also not shown that a temporary stay will harm their interests in any material way. Plaintiffs have delayed pursuing material discovery in this case, amending their pleadings three times, and moving the target on discovery to confuse the issues for the parties and the Court. Therefore, the interests of justice, judicial economy, and fairness to litigants all overwhelmingly favor staying this case until the Court rules on the adequacy of the TAC.

**ARGUMENT**

## I.   COURTS ROUTINELY STAY DISCOVERY UNTIL PLAINTIFFS ARE ABLE TO BRING A VIABLE CLAIM

Federal courts routinely stay discovery pending a ruling on a motion to dismiss in Fair Credit Reporting Act ("FCRA") cases like this one. In a recent case squarely on-point brought against EIS by two of the plaintiff firms who have appeared in this

case, a district court in Nevada stayed discovery pending resolution of EIS's motion to dismiss claims brought under FCRA 1681g.  *Mintun v. Experian Info. Sols.*, No. 2:19-cv-00033-JAD-NJK, 2019 U.S. Dist. LEXIS 81695, at *1-2 (D. Nev. May 15, 2019).  While recognizing that the Federal Rules do not provide "automatic" stays once a dispositive motion has been filed, the court in *Mintun* entered a stay because discovery was not necessary to resolve the motion to dismiss and it was "convinced" that the plaintiff's claims—which mimic those at issue here—do not "state a claim for relief."  *Id*. at *2-3.

District Courts in the District of Nevada, where plaintiffs' counsel have repeatedly sued Experian for alleged FCRA violations, have repeatedly rejected plaintiffs' attempts to prematurely obtain overbroad discovery that, like in the instant case, amounts to a fishing expedition meant to harass Experian and unnecessarily multiply the proceedings.  *See Diaz v. Chase*, 2:19-cv-00020-JCM-VCF, ECF No. 43 (D. Nev. Apr. 30, 2019) (granting discovery stay pending outcome of motion to dismiss); *Harroff v. Experian Info. Sols., Inc.*, No. 2:18-cv-02154-KJD-GWF (D. Nev. Mar. 30, 2019), ECF No. 28 at 42:13-24 (same); *Henry v. Dovenmuehle Mortgage*, No. 2:19-cv-00360-MMD-NJK, ECF No. 19 at 2 n.1 (D. Nev. Mar. 26, 2019) ("Mr. Clark has the temerity to excuse Experian of engaging in scorched-earth litigation tactics, [citation], when the record is entirely clear that he has done so.").

Contrary to Plaintiffs' assertion, EIS's position is not that the filing of a dispositive motion automatically stays discovery.  Rather, as the Supreme Court has made clear, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79.  Consistent with this, the Ninth Circuit held that a plaintiff must satisfy Rule 8's pleading requirements before a court can permit discovery.[1]  *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014).  Contrary to Plaintiffs' attempt to minimize

---

[1] Should the Court grant the Motion to Dismiss, but permit the Plaintiffs to file a **fourth** amended complaint, then *Mujica* and similar cases mandate that discovery be stayed until Plaintiffs adequately plead their claims.

EXPERIAN'S REPLY IN SUPPORT OF
MOTION TO STAY

and distinguish *Mujica*'s holding, several district courts in this Circuit have relied on *Mujica* in concluding that plaintiffs may not seek discovery until they have pleaded a valid claim consistent with Rule 8.  *See Estell v. McHugh*, No. 15-CV-04898-MEJ, 2017 WL 1175589, at *8 (N.D. Cal. Mar. 30, 2017) (holding plaintiff is not entitled to discovery after filing amended complaint until a determination that Rule 8's pleading requirements have been satisfied); *Leon v. Conexant Sys.*, No. 15CV339-LAB (BLM), 2016 WL 795885, at *3 (S.D. Cal. Feb. 29, 2016) ("Moreover, the Supreme Court's holdings in *Twombly* and *Iqbal*, and their progeny, make clear that fact discovery is available only to plaintiffs who have adequately pled their claims); *Persian Gulf Inc. v. BP W. Coast Prod. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) ("Plaintiffs are not entitled to discovery in order to allege sufficient facts to 'nudge its claim across the line from conceivable to plausible.'"); *Ayala v. Cty of Imperial*, No. 15cv397-LAB (NLS), 2016 WL 898820, at *4 (S.D. Cal. Mar. 9, 2016) ("Plaintiffs should remember that fact discovery is available only after they have adequately pled their claims."); *Gerritsen v. Warner Bros. Entm't Inc.*, No. 2:14-cv-03305-MMM-CWX, 2015 WL 4570081, at *2 (C.D. Cal. Mar. 2, 2015).  **Plaintiffs do not cite a single case to the contrary.**  (*See* Opp. 7-10.)

## II.   THE BURDEN OF DISCOVERY ON EIS AND THIRD PARTIES WILL BE SUBSTANTIAL IF A STAY IS NOT GRANTED

Plaintiffs do not address the line of cases in the Motion to Stay holding that parties should not be forced to continue expending time and resources propounding and responding to discovery requests regarding claims that are unlikely to survive, particularly where there is likely no jurisdiction for the court to even hear the case. *See* Mot. at 3 (citing *Puckett v. Schnog*, No. 12-cv-01958, 2013 WL 1874754, at *3 (D. Nev. May 3, 2013); *Hardy v. Global Options Servs., Inc.*, No. 13-cv-00514, 2013 WL 6059154, at *2 (D. Nev. 2013); *Trzaska v. Int'l Game Tech.*, No. 10-cv-02268, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011)).  As the Ninth Circuit has held, "It is sounder practice to determine whether there is any reasonable likelihood that

EXPERIAN'S REPLY IN SUPPORT OF MOTION TO STAY

plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).   Unable to distinguish the holding of these cases, Plaintiffs conveniently ignore them.

Similarly, Plaintiffs do not dispute that proceeding with discovery will be unduly burdensome to EIS.  (*See* Opp. at 7-10.)  Without a stay, EIS will be forced to incur substantial costs and waste considerable resources to respond to Plaintiffs' grossly overbroad and burdensome discovery requests between now and a ruling on the Motion to Dismiss.  Among other things, after EIS filed the Motion to Stay, Plaintiffs noticed EIS's Rule 30(b)(6) witness for a date of Plaintiffs' choosing even though EIS's counsel had informed Plaintiffs' counsel that EIS's corporate representative was not available that day.  (Declaration of Ryan D. Ball in Support of Motion to Stay ("Ball Decl."), ¶¶ 3-4.)  Preparing for the deposition will require extensive preparation because the notice contains 33 examination topics, many with multiple subparts.  (*Id*. at ¶ 4, Ex. A.)  In addition, Plaintiffs have demanded that EIS respond to Plaintiffs' 128-page Rule 37-1 joint stipulation, which seeks to compel production by EIS on 11 interrogatories, 4 requests for admission, and 11 requests for production (*id*. at ¶ 2.), even though the scope of discovery will be impacted by the Court's rulings on the Motion to Dismiss and EIS's Motion for Review of Magistrate Judge's Nondispositive Pretrial Order regarding the scope of discovery (ECF No. 76) ("Motion for Review").

Moreover, Plaintiffs so far have subpoenaed ten third-party companies and financial institutions.  (Ball Decl. at ¶ 5.)  Responding to these subpoenas will certainly be burdensome to the targeted parties.  Proceeding with Plaintiffs' third-party discovery would be particularly wasteful because the Court's rulings on the pending motions will determine the overall scope of discovery and the nature of the pleadings, should they survive.

EXPERIAN'S REPLY IN SUPPORT OF
MOTION TO STAY

## III.   PLAINTIFFS WILL NOT BE PREJUDICED BY A STAY

Plaintiffs identifies only two hardships that they will allegedly suffer if a stay is entered:   their ability to prepare an expert disclosure and pursue third-party discovery.  (Opp. at 7.)  Neither of these reasons is a sufficient basis to deny the Motion to Stay.  The Plaintiffs have had a year and half to prepare an expert disclosure since filing this lawsuit.  Plaintiffs have had months to pursue third-party discovery.  Any delay in preparing expert discovery and third-party discovery is of the Plaintiffs' own doing, particularly because Plaintiffs' efforts to obtain discovery are for the most part recent.  If anything, a stay would benefit Plaintiffs as it would allow the parties to modify the schedule for fact and expert discovery based on the Court's ruling on the Motion to Dismiss and the Motion for Review of the scope of discovery.  Indeed, the Court recently indicated that it may make modifications to the case schedule at the June 3 hearing.  (ECF No. 82.)

Plaintiffs suggest that they need to conduct discovery relevant to the Motion to Dismiss.  (*See* Opp. at 6.)  Plaintiffs, however, do not identify any factual issues that require discovery now.  (*See id.*)  Regardless, the Motion to Dismiss turns on the sufficiency of the pleading by themselves and facially attacks the allegations as a matter of law, which means that no amount of discovery obtained by Plaintiffs will cure the current defects in the TAC.

## IV.   JUDICIAL ECONOMY AND EFFICIENCY WILL BE SERVED BY A TEMPORARY STAY OF DISCOVERY

Plaintiffs do not dispute that staying discovery will serve judicial economy and preserve judicial resources.  (*See* Opp. 7-10.)  The parties have been engaged in regular meet-and-confers about a number of discovery issues.  Without a stay of discovery, Magistrate Judge Scott will likely be asked to adjudicate several discovery issues in the coming weeks if the parties are unable to resolve their differences.  Resolution of the parties' ongoing discovery disputes will be impacted by the Court's ruling on the pending motions.  Indeed, if the Motion to Dismiss is successful, none

EXPERIAN'S REPLY IN SUPPORT OF
MOTION TO STAY

of those discovery disputes will need to be heard.  Plaintiffs do not dispute this.  (See Opp. at 7-8.)

Plaintiffs' argument assumes that the Motion to Dismiss will be denied, and that as a result, judicial economy will not be served.  (Opp. at 8:3-4.)  Plaintiffs' argument ignores what EIS is asking of the Court: to stay discovery **pending** a ruling on the Motion to Dismiss.  If the Court grants the Motion to Dismiss, then there will be no need for discovery.  If the Court denies the Motion, then discovery may proceed subject to any modifications to the schedule that the Court makes on June 3.  (ECF No. 82.)

As part of conserving judicial resources, the Court's jurisdiction extends only to real, live cases and controversies under Article III.  *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).  As such, federal courts routinely hold that lack of jurisdiction is a strong basis for a stay.  *See Davis v. United States*, 196 F. Supp. 3d 106, 120 n.8 (D.D.C. 2016); *Beard v. Caesars Entm't Corp.*, No. 16-cv-0833, 2016 WL 9558932, at *1 (D. Nev. Sept. 6, 2016).  Plaintiffs even concede that jurisdiction is a "common example[]" of a situation establishing good cause for a stay.  Opp. at 6 (citing *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).  Because the Court's jurisdiction is the principal issue of the Motion to Dismiss, good cause exists to enter a stay of discovery until the Court determines it has jurisdiction and Plaintiffs are able to state a viable claim.

## V.    THE COURT SHOULD DISREGARD PLAINTIFFS' UNSUPPORTED FACTUAL CONTENTIONS

The Court should disregard or strike the unsupported failure contentions that appear throughout the Opposition because of their failure to conform to the Local Rules' basic evidentiary requirements for motions.  As but one example, Plaintiffs argue that "Experian knew from early in this case that it wished to file a Rule 12 motion, but declined to do so."  (Opp. at 9.)  This statement is rank speculation about the state of mind of EIS, a corporate entity, and is entirely unsupported by any

EXPERIAN'S REPLY IN SUPPORT OF
MOTION TO STAY

evidence submitted by Plaintiffs.  The Court should disregard this statement and others like it for violating the Local Rules.

To wit, Local Civil Rule 7-6 requires that "[f]actual contentions involved in any motion . . . shall be presented, heard, and determined upon declarations and other written evidence . . . alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness." Local Rule 7-7 expressly requires that "Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)." Federal Rule 56(c)(4) requires: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56. Thus, for example, hearsay statements do not satisfy Local Rule 7-7. *See Prolacta Bioscience, Inc. v. Ni-Q*, LLC, 2017 WL 5664985, at *5 (C.D. Cal. Aug. 7, 2017) (rejecting hearsay statements in declaration as a violation of Local Rule 7-7).

Plaintiffs have not submitted a declaration or any evidence in support of its Opposition whatsoever.  Section 2 of the Opposition contains a lengthy recitation of factual contentions, but it contains almost no record citations.  (Opp. at 1-5.)  This is a violation of Local Rule 7-7.  Therefore, the Court should disregard it and the following factual contentions in the Opposition not supported by any record evidence: page 1:11-18; pages 1:25-5:14, and pages 9:23-10:5.

## CONCLUSION

For these reasons, and the reasons in the Motion to Dismiss, EIS respectfully requests the Court to stay discovery pending the Court's ruling on EIS's Motion to Dismiss.  Should the Court grant the Motion to Dismiss, but permit the Plaintiffs to file a fourth amended complaint, discovery should be stayed until Plaintiffs adequately plead their claims.

EXPERIAN'S REPLY IN SUPPORT OF
MOTION TO STAY

1

2 | DATED:  May 20, 2019          JONES DAY

3

                                          By: */s/ Richard J. Grabowski*

4                                                 Richard J. Grabowski

5                                   *Attorneys for Defendant*

6                                   *Experian Information Solutions, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S REPLY IN SUPPORT OF
MOTION TO STAY