Richard J. Grabowski (State Bar No. 125666)
John A. Vogt (State Bar No. 198677)
Edward S. Chang (State Bar No. 241682)
Ryan D. Ball (State Bar No. 321772)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
(T) 949.851.3939
(F) 949.553.7539
rgrabowski@jonesday.com
javogt@jonesday.com
echang@jonesday.com
rball@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY CARSON, and all similarly situated individuals;<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 8:17-cv-02232-JVS-KES<br>Honorable James V. Selna<br><br>**DECLARATION OF RYAN D. BALL IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO STAY**<br><br>Hearing Date:   June 3, 2019<br>Hearing Time:   1:30 p.m.<br>Courtroom:       10C |

## DECLARATION OF RYAN D. BALL

I, Ryan D. Ball, declare:

1.     I am an attorney duly licensed to practice law in the State of California, and I am an associate in the firm of Jones Day, counsel for Defendant Experian Information Solutions, Inc. ("EIS") in the above-captioned matter.  The facts stated in this declaration are based on my personal knowledge or upon my review of the files and records maintained by Jones Day in the regular course of business.  If called as a witness, I would testify to the facts that are stated in this declaration.

2.     On May 2, 2019, Plaintiffs served a Rule 37-1 "Joint Stipulation re: Discovery Dispute No. 2."  Plaintiffs' portion of the stipulation is 128-pages long and seeks to compel production by EIS on 11 interrogatories, 4 requests for admission, and 11 requests for production.

3.     On May 2, 2019, Plaintiffs issued a First Amended Notice of a Rule 30(b)(6) deposition of EIS to be taken on Memorial Day, May 27, 2019.  On May 7, 2019, I advised counsel for Plaintiffs, Miles Clark, that EIS's corporate representative was not available on May 27, 2019, because, among other reasons, that was Memorial Day.  I also informed Mr. Clark that the witness's earliest availability was June 11, 2019.

4.     On May 9, 2019, Plaintiffs issued a Second Amended Notice of a Rule 30(b)(6) deposition of EIS.  In this notice, Plaintiffs unilaterally changed the date for the deposition to May 28, 2019, even though I had previously informed Plaintiffs' counsel that EIS's corporate representative was not available that day.  A true and correct copy of the Second Amended Notice is attached as Exhibit A.  The notice contains 33 examination topics, many with multiple subparts and will require extensive preparation.

5.     At this time, Plaintiffs have subpoenaed ten third-parties:  LoanMe, Inc.; Alteryx, Inc.; Capital One, N.A.; Charter Communications, Inc.; Data Facts, Inc.;

1   Radius Global Solutions, LLC; Synchrony Bank; American Express Co.; Association

2   Capital Resources; and Experian Marketing Solutions LLC.

3         I declare under penalty of perjury under the laws of the United States that the

4   foregoing is true and correct.  This declaration is made on May 20, 2019, in Irvine,

5   California.

6

7                                                    /s/ Ryan D. Ball

8                                                 Ryan D. Ball

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

James Robert Noblin (State Bar No. 114442)
**GREEN & NOBLIN, P.C.**
4500 East Pacific Coast Highway, Fourth Floor
Long Beach, CA 90804
Telephone: (562) 391-2487
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

Robert S. Green (State Bar No. 136183)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

*Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY CARSON, and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No.: 8:17-CV-02232-JVS-KES<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE BY STENOGRAPHER AND/OR VIDEOTAPE**<br><br>Date:   May 28, 2019<br>Time:   9:00 a.m. PST<br>Location:   JONES DAY<br>  3161 Michelson Drive, Suite 800<br>  Irvine, CA 92612 |

TO:    DEFENDANT, EXPERIAN INFORMATION SOLUTIONS, INC, C/O ITS ATTORNEYS.

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through counsel, will take the deposition of corporate defendant Experian Information Solutions, Inc. (hereinafter designated "Defendant") through its officers, agents, employees or authorized persons most qualified to testify with respect to the matters described below.

The deposition will be taken before an authorized court reporter on May 28, 2019**, at 9 a.m. PT** at the following location (or such other locale as may be later designated):

**JONES DAY**
**3161 Michelson Drive, Suite 800**
**Irvine, CA 92612**

and will continue until completed.  The deposition may be conducted telephonically and may be recorded through stenographic and/or video means.

**DEFINITIONS**

1.    **"Admin Report"** means a document, generated by Experian, which contains all of the information contained in File One.  *See Foskaris*, ECF Dkt. 97, at 5 & n.23.

2.    **"Alteryx"** means Alteryx, Inc., a publicly traded company, as described in at https://www.alteryx.com/partners/experian-marketing-services (last visited Dec. 22, 2017).

3.    The terms **"and"** and **"or"** shall be read in the conjunctive or disjunctive, where applicable, to permit the broadest possible range of documents.

4.    **"Behavioral Data"** means all data relevant to Class Claim 4.

5.    **"CAPS"** means Your CAPS System.

6.      **"CDI"** refers to Consumer Disclosure Initial, a type of report or reports representing a compilation of information in a consumer's file at Experian, which Experian generates pursuant to 15 U.S.C. § 1681g.  Experian identified approximately 17,181,800 CDIs in its Interrogatory Responses.

7.      **"Class Claim 1"** means those claims as contained in the above-captioned matter at ECF Dkt. 57, at ¶ 51.

8.      **"Class Claim 2"** means those claims as contained in the above-captioned matter at ECF Dkt. 57, at ¶ 55.

9.      **"Class Claim 3"** means those claims as contained in the above-captioned matter at ECF Dkt. 57, at ¶ 61.

10.     **"Class Claim 4"** means those claims as contained in the above-captioned matter at ECF Dkt. 57, at ¶ 67.

11.     **"Class Claim 5"** means those claims as contained in the above-captioned matter at ECF Dkt. 57, at ¶ 73.

12.     **"Class Claims"** means the plural of Class Claim 1, Class Claim 2, Class Claim 3, Class Claim 4, and Class Claim 5.

13.     "**Computer**" shall include, but is not limited to, microcomputers (also known as personal computers or desktops), laptop computers, portable computers, personal digital assistants, Smartphones, tablets, and mainframe computers.

14.     **"Consumer Report"** shall mean a report defined under 15 U.S.C. §1681a(d)(1).

15.     **"Consumer Reporting Agency" or "CRA"** shall mean a "consumer reporting agency" as defined under 15 U.S.C. §1681a(f), which includes but is not limited to Experian Information Solutions, Inc.; Equifax Information Services, LLC; Innovis Data Solutions, Inc.; and Trans Union, LLC, either individually or separately, as the case may be.

PLAINTIFFS' SECOND AMENDED NOTICE OF TAKING DEPOSITION OF PMK
CASE NO. 8:17-CV-02232-JVS-KES

00110726.000.docx

16. **"ConsumerView"** refers to ConsumerView[sm], an Experian product described at http://www.experian.com/marketing-services/targeting/data-driven-marketing/consumer-view-data.html, © 2018 Experian Information Solutions, Inc. Experian Marketing Services (last visited Nov. 7, 2018).

17. **"Data Breach"** means the alleged breach of data by Alteryx reported on December 19, 2017 by major news outlets. *See* Dan O'Sullivan, *Home Economics: How Life in 123 Million American Households Was Exposed Online*, UpGaurd, https://www.upguard.com/breaches/cloud-leak-aleryx (last visited Dec. 19, 2017); Thomas Fox-Brewster, *120 Million American Households Exposed in "Massive ConsumerView Database Leak*, Forbes, available at: https://www.forbes.com/sites/thomasbrewster/2017/12/19/120m-american-households-exposed-in-massive-consumerview-database-leak/#384c64f17961 (last visited Dec. 19, 2017); Ryan Grenoble, *Alteryx Data Breach Exposes Information On 123 Million American Households*, Huffington Post, Dec. 19, 2017, available at https://www.huffingtonpost.com/entry/alteryx-data-breach-123-million-households_us_5a39316ae4b0860bf4ab4e24 (last visited Dec. 19, 2017).

18. **"Defendant"** means Experian.

19. "**Describe**" means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location and the identity of all participants) and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

20. **"Document(s)"** shall mean and include any electronic, printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, e-mails, text messages, online postings, voicemails, blog entries, databases, spreadsheets, presentations, correspondence, diaries, desk and other calendars, memoranda, posters, contracts, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other

books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, books, publications, photographs, worksheets, computer printouts, telex transmissions or receipts, faxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any physical or electronic notation made on such copies or otherwise), photocopies of such materials. The term **"documents"** shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

21.    **"Employment Data"** means all data relevant to Class Claim 5.

22.    **"Electronic data"** means all information stored in a digital format. Electronic data includes, but is not limited to, electronic mail messages and attachments, contacts, journal entries, calendar entries, word processing documents, spreadsheets, databases including all records and fields and structural information, charts, graphs, and any and all miscellaneous files responsive to the following requests.  The responding party is expected to search for any and all information stored on hard disks, floppy disks, CDs, DVDs, USB devices, Smartphones, tablets, and in any other vehicle for digital data storage and/or transmittal.  The term electronic data also includes the file, folder tabs and/or

00110726.000.docx

containers and labels appended to, or associated with, any physical storage device associated with the information described above.

23.     **"Experian"** means Experian Information Solutions, Inc.

24.     **"Experian Marketing"** means Experian Marketing Services, LLC, the entity which lists USA locations in Schaumburg, IL, Lincoln, NE, and Costa Mesa, CA, at http://www.experian.com/marketing-services/contact.html (last visited Jan. 12, 2018).

25.     **"Experian Marketing Solutions"** means Experian Marketing Solutions, LLC.

26.     The "**Fair Credit Reporting Act**" or "**FCRA**" shall mean that statute codified at 15 U.S.C. §1681 *et seq.*

27.     **"File One"** means Your File One Database, as described, *inter alia*, in the Declaration of Kimberly Hughes in *Dixon v. Experian Information Solutions, Inc.*, No. 13-cv-227 (N.D. Ind. Apr. 28, 2014).

28.     **"Insource"** means that product described at http://www.experian.com/assets/marketing-services/product-sheets/insource.pdf (last visited Apr. 15, 2018).

29.     **"Inquiry"** means a request for access to information You maintain, from any source.

30.     **"Inquiry Data"** means all data relevant to Class Claim 1, Class Claim 2, and/or Class Claim 3.

31.     **"Inquiry Types Table"** means that document referred to in *Foskaris*, ECF Dkt. 97, at 3 & n.10, Exhibit 35.

32.     **"Inquiry Type"** means the type of Inquiry reflected on any version of Your Inquiry Types Table operative during the Relevant Time Period.

33.     **"*Foskaris*"** means *Foskaris v. Experian*, No. 17-cv-506-KJD-PAL (D. Nev.).

34.   **"Mosaic"** means that product described at
https://www.experian.com/assets/marketing-services/brochures/mosaic-brochure.pdf © 2018 Experian Information Solutions, Inc. (last visited Apr. 15, 2018).

35.   "**Permissible Purpose**" means the purposes under which a consumer reporting agency may furnish a consumer report as contained in 15 U.S.C. § 1681b(a).

36.   **"Person"** or **"entity"** means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

37.   **"Plaintiffs"** means Sanford Buckles, Theresa Tailford, and/or Jeffrey Ruderman, whose names appear as the Plaintiffs in the text of the operative complaint of this matter.

38.   **"Policies and Procedures"** means Your policies, procedures, processes, practices, business standards, compliance risk requirements, and/or compliance guidelines, however named.

39.   "**Possession, custody or control**" includes the joint or several possession, custody or control not only by the person to whom these requests are addressed, but also the joint or several possession, custody or control by each or any other person or entity acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman or otherwise.

40.   The terms "**relate to**", "**relating to**", "**pertain to**", and "**pertaining to**" are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

00110726.000.docx

41.     The term **"Relevant Time Period"** means the period from May 1, 2014 to May 1, 2018, with the exception of Inquiry Data related to any purpose other than employment, for which the period means between May 1, 2015 to May 1, 2018.

42.     The term **"Relevant Class Time Period"** means the period from May 1, 2016 through May 1, 2018.

43.     The term **"Relevant Copyright"** means the copyright You obtained under Registration Number TX 7-499-062, the certificate of which was attached as an exhibit to the complaint you filed in *Experian Information Solutions, Inc. v. Nationwide Marketing Services, Inc.,* Case No. 13-618 in the District of Arizona.

44.     "**Soft Credit Inquiry**" means a list of items contained in an Experian consumer disclosure under the heading, "Inquiries shared with others."

45.     **"Subscriber"** means an individual who is authorized by Experian to request or procure information from its files.

46.     **"You"** and **"Your"** means Experian. **"You"** includes you personally, your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its departments, employees, agents, assignees, contractual affiliates, or other entity or individual otherwise connected by legal relationship, in the broadest sense.

47.     **"Your Privacy Policy"** means that policy contained at http://www.experian.com/privacy/online_credit_reports.html (last visited Apr. 15, 2018).

## DEPOSITION TOPICS

1.     Defendant's non-privileged communications relating to any of the Plaintiffs during the Relevant Time Period.  This Topic will be limited to Plaintiffs' Consumer Disclosures, and any non-privileged communications relating to the same, including communications:

    a.     between You and any third party; and

PLAINTIFFS' SECOND AMENDED NOTICE OF TAKING DEPOSITION OF PMK
CASE NO. 8:17-CV-02232-JVS-KES

00110726.000.docx

b.      between You and any of the Plaintiffs.

2.      The Policies and Procedures pursuant to which the inquiries referenced in paragraphs 43-45 of the Third Amended Complaint in this action were not included on the Section 1681g disclosures You provided to Plaintiffs.

3.      All efforts by You to prohibit data from the ConsumerView database from being used to target candidates for invitations to apply for credit, or for insurance, as described on the document filed in this action at ECF 70-1, pages 32-35 of 113.

4.      The factual allegations in the pending Complaint related to you.

5.      Your responses to all sets of Plaintiffs' Interrogatories.

6.      Your responses to all sets of Plaintiffs' Requests for Admission.

7.      Your responses to all sets of Plaintiff's Requests for Production, including any supplementations thereto.

8.      The meaning and purpose of the documents and references to documents You produced in response to all Requests for Production.

9.      For the Relevant Time Period, the precise meanings of terminology used in:

a.      CDIs You have sent to any of the Plaintiffs, such as the significance of the terms "consumer disclosure," "credit report," and "personal credit report," "credit information," "inquiries," "inquiries shared only with you," "current or former employers," etc.; and

b.      All internal documents You produced in this litigation.

10.     For the Relevant Time Period, the nature of Your relationship with Experian Marketing, Experian Marketing Solutions, and/or Alteryx, including but not limited to:

a.      any agreements You have entered jointly with those entities;

b.      any information You may obtain from or share with those entities;

-8-

00110726.000.docx

c.      those entities' use of Your Relevant Copyright;

d.      those entities' access to Your File One database; and

e.      those entities' communications with You related to the Data Breach.

11.     For the Relevant Time Period, Your corporate structure, including any parent, subsidiary, or affiliate company with which You obtain, share, or maintain joint responsibility for any data for Plaintiffs or Class 1-5 members, whether that data is maintained in individual or aggregated form.

12.     For the Relevant Time Period, Your Policies and Procedures to ensure compliance with 15 U.S.C. §§ 1681a(d), 1681e(b), 1681g, and/or 1681j. This topic includes, but is not limited to, Policies and Procedures referenced in the documents and written discovery responses You have provided in this matter up to and including the date of Your deposition.

13.     For the Relevant Time Period, Your Policies and Procedures for authorizing third party access to individual consumer data for any of the purposes stated in 15 U.S.C. § 1681b, including any Policies and Procedures for ensuring compliance with 15 U.S.C. § 1681e(a).  This topic includes, but is not limited to, Your Subscriber "on-boarding" process, as well as any exceptions to the same, as well as any written agreements with Your Subscribers reflecting access to information You maintain.

14.     For the Relevant Time Period, any item of information contained on any CDIs, consumer reports, credit reports, personal credit reports, consumer disclosure initial, consumer disclosure final, or other documents, however named or described, which contain the name and address of any one of the Plaintiffs, whether or not provided to the particular Plaintiff.

15.     For the Relevant Time Period, Your systems for storing and/or retrieving information related to Inquiry Data, Employment Data, and/or Behavioral Data which pertains to Plaintiffs or represents data aggregated from

PLAINTIFFS' SECOND AMENDED NOTICE OF TAKING DEPOSITION OF PMK
CASE NO. 8:17-CV-02232-JVS-KES

00110726.000.docx

any of the Plaintiffs' information, as well as the information contained in those systems. These systems include, but are not limited to:

      a.    File One;

      b.    ConsumerView;

      c.    Insource;

      d.    MetroNet;

      e.    any other database or archive where You store information related to any one of the Plaintiffs, whether that data appears in depersonalized and/or aggregated form or not; and

      f.    Whether You own, control, maintain, and/or otherwise have the right to access the information contained in categories (a)-(e), inclusive.

16.    For the Relevant Time Period, if You contend that any Inquiry Data, Employment Data, and/or Behavioral Data constitutes information subject to 15 U.S.C. § 1681g(a)(1)(A)-(B), Your basis for that contention, as well as the specific information You contend is subject to that statute.

17.    For the Relevant Time Period, all items of information related to Inquiry Data, Employment Data, and/or Behavioral Data that might appear on a consumer report of any type.

18.    For the Relevant Time Period, the process of "aggregating" or "anonymizing" any consumer data prior to its transmission to Your affiliates or other third parties, including but not limited to the following:

      a.    the information which is subject to aggregation or anonymization;

      b.    the source of that information in Your files;

      c.    what items of information is removed during the aggregation or anonymization process;

      d.    how the remaining data is repurposed or repackaged;

-10-

      e.      who at Your company is responsible for aggregation or anonymization;

      f.      whether the aggregation or anonymization takes place before or after the information is transmitted to a third party;

      g.      whether a record of the request for this information would appear on an Admin Report for a consumer; and

      h.      whether a record of the request for this information would appear on a CDI for that consumer.

19.    For the Relevant Time Period, Your sharing of information in Your files with affiliate companies, or persons related by common ownership or corporate control, including but not limited to the following:

      a.      Who You share information with;

      b.      What information You share;

      c.      The frequency of such sharing;

      d.      How You notify consumers of the fact You will be sharing information;

      e.      Whether You provide or have provided Consumers the opportunity to object to such sharing prior to the first time the consumer's data was shared;

      f.      Your Policies and Procedures for providing Consumers the opportunity to object to such sharing prior to the first time the consumer's data was shared, including but not limited to Your Privacy Policy;

      g.      Whether an Inquiry related to such sharing appears in Your CDIs; and

      h.      Whether an Inquiry related to such sharing appears in Your Admin Reports or any other internal document, whether produced in litigation or not.

00110726.000.docx

20.     For the Relevant Time Period, Your sharing of Employment Data, Inquiry Data, and/or Behavioral Data with third parties other than Your affiliate companies, or persons related by common ownership or corporate control, including but not limited to the third parties You share data with, the types of data shared, the Inquiry Type associated with that sharing, the Permissible Purpose associated with that sharing, and whether the information shared is present on, or reflected on, Admin Reports and/or CDIs.

21.     Your Policies and Procedures for storing, logging, or otherwise retaining data in File One, CAPS, and any other system of record related to the following:

        a.     Your Employment Data;

        b.     Your Inquiry Data; and

        c.     Your Behavioral Data.

22.     For the Relevant Time Period, Your Policies and Procedures by which You present data on CDIs, Consumer Reports, or transmissions of information to third parties, affiliates, and/or entities related to You by common ownership or control related to the following:

        a.     Your Employment Data;

        b.     Your Inquiry Data; and

        c.     Your Behavioral Data.

23.     For the Relevant Time Period, the source(s) of information related to any Inquiry You can generate, including but not limited to:

        a.     Any Inquiry listed on Plaintiffs' Admin Reports;

        b.     Any other Inquiry You can generate;

        c.     The Experian product associated with each Inquiry; and

        d.     The database and/or system of record from which any item of information collected and provided in connection with any Inquiry was or could be drawn from.

-12-

24.     For the Relevant Time Period, if You contend that any Inquiry and/or transmission of data You can or might generate does not constitute a consumer report, Your reasons for concluding that any Inquiry is not a consumer report.

25.     For the Relevant Time Period, if You contend that any Inquiry and/or transmission of data You can or might generate does not require a Permissible Purpose, Your reasons for concluding that no Permissible Purpose is required.

26.     For the Relevant Time Period, Your Policies and Procedures for ensuring that the CDIs You generate are transmitted to consumers in question, including but not limited to the role of any third party who may assist You to transmit the same, and the records You maintain which document the fact of transmission.

27.     The number of Consumer Disclosures You generated over the Relevant Time Period, as well as:

        a.     any categorical breakdown for the reason those disclosures were generated (i.e., pursuant to a request under 15 U.S.C. §§ 1681c-1, 1681j, etc.),

        b.     the corresponding Inquiry purpose type code, and

        c.     The number of CDIs which correspond to each Inquiry purpose type.

28.     Your attempts to respond to all discovery requests related to the Class Claims, including but not limited to:

        a.     All information you collected, including the steps You took to collect it;

        b.     Any steps to collect relevant information which were completed;

        c.     Any steps to collect relevant information which were not completed;

00110726.000.docx

1           d.      Any steps to collect relevant information which would

2    require manual review;

3           e.      Any steps to collect relevant information which would

4    require individualized review; and

5           f.      Any steps to collect relevant information which were or could

6    be automated.

7        29.    The number of consumers within Class Claim 1.

8        30.    The number of consumers within Class Claim 2.

9        31.    The number of consumers within Class Claim 3.

10       32.    The number of consumers within Class Claim 4.

11       33.    The number of consumers within Class Claim 5.

12

13   DATED: May 9, 2019          **KNEPPER & CLARK LLC**

14

15             By: /S/ Miles N. Clark

16                Miles N. Clark

17             Matthew I. Knepper, Esq. (NV # 12796)

18             Miles N. Clark, Esq. (NV # 13848)
            10040 W. Cheyenne Ave., 170-109

19             Las Vegas, NV 89129
            Telephone:  (702) 825-6060

20             Facsimile:  (702) 447-8048
            Email: matthew.knepper@knepperclark.com

21                   miles.clark@knepperclark.com

22             Robert S. Green

23             **GREEN & NOBLIN, P.C.**
            2200 Larkspur Landing Circle, Suite 101

24             Larkspur, CA 94939
            Telephone: (415) 477-6700

25             Facsimile: (415) 477-6710
            Email: gnecf@classcounsel.com

26

27             -and-

28

-14-

00110726.000.docx

James R. Noblin
**GREEN & NOBLIN, P.C.**
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Telephone: (562) 391-2487
Facsimile: (415) 477-6710

William B. Federman
Carin L. Marcussen
Joshua D. Wells
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (4050 239-2112
Email:    wbf@federmanlaw.com
          clm@federmanlaw.com
          jdw@federmanlaw.com

Marc E. Dann 0039425
Brian D. Flick 081605
**DANNLAW**
P.O. Box. 6031040
Cleveland, Ohio 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
Email:    notices@dannlaw.com
          counsumernotices@dannlaw.com

Thomas A. Zimmerman, Jr.
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
Email:  tom@attorneyzim.com

David H. Krieger, Esq. (NV # 9086)
George Haines, Esq. (NV # 94111)
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Telephone:  (702) 880-5554
Facsimile:  (702) 385-5518
Email: dkrieger@hainesandkrieger.com

-15-

00110726.000.docx

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sean N. Payne (NV # 13216)
**PAYNE LAW FIRM LLC**
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
Telephone:  (702) 952-2733
Facsimile:  (702) 462-7227
Email:  seanpayne@spaynelaw.com

Patrice L. Bishop (State Bar No. 182256)
**STULL STULL & BRODY**
9430 West Olympic Boulevard
Suite 400
Beverly Hills, CA 90212
Telephone:  (310) 209-2468
Facsimile:  (310) 209-2087
Email:  service@ssbla.com

Howard Longman (admitted *pro hac vice*)
Melissa Emert
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:  hlongman@ssbny.com
            memert@ssbny.com

*Attorneys for Plaintiffs*

-16-

PLAINTIFFS' SECOND AMENDED NOTICE OF TAKING DEPOSITION OF PMK
CASE NO. 8:17-CV-02232-JVS-KES

## PROOF OF SERVICE

I, Ryan J. Sullivan, hereby declare as follows:

I am employed by Green & Noblin, P.C., 2200 Larkspur Landing Circle, Suite 101, Larkspur, CA 94939.  I am over the age of eighteen years and am not a party to this action.  On May 9, 2019, I served the within document(s):

**PLAINTIFFS' SECOND AMENDED NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE BY STENOGRAPHER AND/OR VIDEOTAPE**

☒ by placing the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Larkspur, California addressed as set forth below.

John A. Vogt
Ryan D. Ball
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone:  (949) 851-3939
Facsimile:  (949) 553-7539
javogt@jonesday.com
rball@jonesday.com

☒ by electronic transmission of a PDF attachment of the above listed document(s) via the firm's email program to the email address(es) set forth below on this date.

Sean N. Payne
**PAYNE LAW FIRM LLC**
9550 S. Eastern Ave.
Suite 253-A213
Las Vegas, NV 89123
Telephone:  (702) 952-2733
Facsimile:  (702) 462-7227
seanpayne@spaynelaw.com

William B. Federman
Carin L. Marcussen
Joshua D. Wells
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile: (4050 239-2112
wbf@federmanlaw.com
clm@federmanlaw.com
jdw@federmanlaw.com

PROOF OF SERVICE
CASE NO. 8:17-CV-02232-JVS-KES

00110726.000.docx

Marc E. Dann 0039425
Brian D. Flick 081605
**DANNLAW**
P.O. Box. 6031040
Cleveland, Ohio 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
counsumernotices@dannlaw.com

Thomas A. Zimmerman, Jr.
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com

David H. Krieger, Esq.
George Haines, Esq.
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Telephone:  (702) 880-5554
Facsimile:  (702) 385-5518
dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
**KNEPPER & CLARK LLC**
10040 W. Cheyenne Ave., 170-109
Las Vegas, NV 89129
Telephone:  (702) 825-6060
Facsimile:  (702) 447-8048
matthew.knepper@knepperclark.com
miles.clark@knepperclark.com

Howard Longman, Esq.
Melissa Emert, Esq.
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
Email:        hlongman@ssbny.com
                  memert@ssbny.com

Patrice L. Bishop, Esq.
**STULL STULL & BRODY**
9430 West Olympic Boulevard
Suite 400
Beverly Hills, CA 90212
Telephone:  (310) 209-2468
Facsimile:  (310) 209-2087
Email:  service@ssbla.com

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed May 9, 2019, at Larkspur, California

_____
            /s/ Ryan J. Sullivan
            Ryan J. Sullivan

00110726.000.docx

PROOF OF SERVICE
CASE NO. 8:17-CV-02232-JVS-KES