1
2
3
4
5
6
7
8
9

Richard J. Grabowski (State Bar No. 125666)
John A. Vogt (State Bar No. 198677)
Ryan D. Ball (State Bar No. 321772)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
(T) 949.851.3939
(F) 949.553.7539
rgrabowski@jonesday.com
javogt@jonesday.com
rball@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

10
11
12

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| TERRY CARSON, and all similarly situated individuals;<br><br>          Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>          Defendant. | Case No. 8:17-cv-02232-JVS-KES<br>Honorable Karen E. Scott<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MODIFYING PROTECTIVE ORDER**<br><br>Date: April 14, 2020<br>Time: 10:00 a.m.<br>Courtroom: 6D |
| --- | --- |

**INTRODUCTION**

Plaintiffs Theresa Tailford, Sanford Buckles, and Jeffrey Ruderman seek to intervene in this action for the purpose of modifying the protective order to allow them to use confidential discovery produced by Experian in this matter in another pending matter, *Tailford v. Experian Info. Sols.*, No. 8:19-cv-02191-JVS-KES (C.D. Cal.) ("*Tailford*"). But Judge Selna already denied this same request in *Tailford*.  As Judge Selna recognized, Plaintiffs' request is premature, given that Plaintiffs have not yet pleaded viable claims. Nothing has changed since Judge Selna reached that conclusion.   Accordingly, this Court should reject Plaintiffs' attempt at taking a second bite at the apple, and it should deny Plaintiffs' premature motion.

**BACKGROUND**

This action was initially commenced on behalf of Terry Carson and a putative nationwide class in December 2017. (*See* ECF No. 1.) Eventually, Tailford, Buckles, and Ruderman substituted for Carson as the representative plaintiffs.  (*See* ECF Nos. 34, 46.) In total, Plaintiffs filed four different complaints in this matter. (*See* ECF Nos. 1, 34, 46, 57.) On July 9, 2019, the Court dismissed Plaintiffs' claims without prejudice, giving Plaintiffs 30 days' leave to amend. (ECF No. 115 at 14.) Plaintiffs, however, declined the Court's invitation to amend their complaint, and the Court entered judgment in Experian's favor on August 21, 2019. (ECF No. 117.)

On October 8, 2019, Plaintiffs refiled their claims in Orange County Superior Court. *See Tailford*, No. 8:19-cv-02191, ECF No. 1-1. Because Plaintiffs asserted claims under the Fair Credit Reporting Act—a federal statute—Experian timely removed the case to federal court. *Id.*   Thereafter, Experian moved to dismiss Plaintiffs' claims on the merits, and Plaintiffs sought to remand the case to state court. *See Tailford*, No. 8:19-cv-02191, ECF Nos. 11, 12.

On February 24, 2020, Judge Selna held a hearing on the parties' pending motions in *Tailford*. Although the Court took both motions under submission, it tentatively denied Plaintiffs' motion to remand and granted Experian's motion to

OPPOSITION TO MOTION TO INTERVENE
Case No. 8:17-cv-02232-JVS-KES

dismiss, giving Plaintiffs 30 days' leave to amend. (*See* Declaration of Ryan Ball ("Ball Decl"), Ex. 1.) At the conclusion of the hearing, Plaintiffs' counsel made the exact request Plaintiffs make here, asking the Court to allow them "to use the discovery . . . that's in the Carson case, either sua sponte applying a protective order to this case or giving time to allow [Plaintiffs] to move to intervene or whatever procedure is necessary to use that." (*See* Ball Decl., Ex. 2 at 24:14-24.) In response, Judge Selna made clear that Plaintiffs "need to get past the pleading stage before we get into discovery." (*Id.* at 25:9-10.) To date, Judge Selna has not issued a final order on either Plaintiffs' motion to remand or Experian's motion to dismiss.

On March 6, 2020, counsel for the parties conferred about Plaintiffs' request to intervene in this case. (*Id.* at ¶ 6.) Plaintiffs reiterated their request to use Experian's confidential documents to amend their complaint in *Tailford*, even though Plaintiffs had yet to plead viable claims and Judge Selna had already denied their request. (*Id.*) Experian's counsel explained that, given the uncertainty over whether and how the *Tailford* matter might proceed, the more efficient course would be to wait until Judge Selna issued a final ruling in *Tailford* before addressing the confidential discovery produced in this matter. (*Id.*) But Plaintiffs' counsel refused, filing this motion instead.

## **ARGUMENT**

## I.   **PLAINTIFFS' REQUEST HAS ALREADY BEEN DENIED**

Plaintiff's motion is nothing more than an attempt to relitigate Judge Selna's decision in *Tailford*. Although Plaintiffs contend that they seek to intervene "to use the discovery produced in [this case] in its continuing form, now entitled *Tailford*," (ECF No. 120 at 2), they made this *exact same request* during the motion to dismiss hearing in *Tailford*. (*See* Ball Decl., Ex. 2 at 24:14-24.) As Judge Selna recognized in denying their request, Plaintiffs "need to get past the pleading stage before we get into discovery." (*Id.* at 25:9-10.) Plaintiffs offer no reason to depart from this ruling. Nor can they, as nothing has changed since then. Instead, Plaintiffs have simply

refiled their request in front of this Court with the apparent hope of obtaining a different result. The Court should not countenance this kind of gamesmanship.

As Judge Selna and Experian have reiterated, the most efficient course is to wait until the pleadings are resolved in *Tailford* before addressing discovery issues. Indeed, to the extent Plaintiffs are unable to sufficiently plead claims in *Tailford*, this motion will be entirely unnecessary. Moreover, to the extent only some of Plaintiffs' claims survive in *Tailford*, Plaintiffs would not be entitled to use every piece of confidential information produced in this case. Rather, they would only be entitled to use the confidential documents that are relevant to any remaining claims in *Tailford*. As Experian's counsel has made clear, Experian is more than willing to negotiate reasonable amendments to the protective order in this case, if appropriate, to the extent Plaintiffs' claims survive in *Tailford*. (Ball Decl. at ¶ 6.) But without guidance from Judge Selna on the proper scope of *Tailford*—if any—this kind of negotiation is impossible.

Simply put, Plaintiffs have unnecessarily burdened this Court with this motion. The Court should follow Judge Selna's prior ruling and deny Plaintiffs' request to intervene in this action.

## II.   PLAINTIFFS' REQUEST IS PREMATURE

Even if this Court were inclined to reconsider Judge Selna's prior ruling, Plaintiffs' request remains premature. While Plaintiffs vaguely contend that they need "to use the discovery produced in *Carson*" in the *Tailford* matter, Plaintiffs make no attempt to elaborate on how they intend to "use" that discovery. (ECF No. 120 at 2.) To the contrary, the scheduling conference in *Tailford* will not occur until, at the earliest, June 1, 2020. *See Tailford*, No. 8:19-cv-02191, ECF No. 32. And, as discussed, Plaintiffs' claims in *Tailford* are at the pleading stage, and Judge Selna is poised to dismiss *all* of them on the merits. (*See* Ball Decl., Ex. 1.)

"Under controlling Ninth Circuit precedent, the court lacks discretion to permit [plaintiffs] to begin discovery until the defendants answer or it has determined that

OPPOSITION TO MOTION TO INTERVENE
Case No. 8:17-cv-02232-JVS-KES

[plaintiffs have] stated plausible claims for relief by denying a Rule 12(b)(6) motion." *Gerritsen v. Warner Bros. Entm't, Inc.*, No. 14-cv-03305-MMM-CWx, 2015 WL 4570081, at *2 (C.D. Cal. Mar. 2, 2015) (citing *Mujica v. AirScan, Inc.*, 771 F.3d 580, 598 & n.7 (9th Cir. 2014)). In other words, "[p]laintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it." *Mujica*, 771 F.3d at 593 & n.7 (citations omitted). Thus, unless and until Judge Selna denies Experian's motion to dismiss in *Tailford*, Plaintiffs have no right to use the confidential discovery produced in this case.

Plaintiffs nevertheless argue that they will be "prejudiced by the constraints of the protective order in that the documents produced in *Carson* illuminate and add necessary or appropriate detail to the claims alleged in both *Carson* and in *Tailford*." (ECF No. 120 at 7.) This is a red-herring. As Plaintiffs concede in their motion, they have *already* relied upon confidential materials produced in this case in attempting to plead their claims in *Tailford*. (*Id.* at 6-7.) For example, Plaintiffs cite their "Admin Reports"—consumer-specific, internal Experian records—as a category of documents produced in this case that Plaintiffs need to use to try to plead viable claims in *Tailford*. (*See, e.g.*, *id.* at 2.) But Plaintiffs unabashedly relied upon their Admin Reports—though produced under a confidential designation in this case—in their *Tailford* complaint. *Tailford*, No. 8:19-cv-02191, ECF No. 1-1 at ¶ 63 (referencing "Tailford's Admin Report"), ¶ 66 (referencing "Buckles's Admin Report"), ¶ 68 (referencing "Ruderman's Admin Report"). Plaintiffs also cite Experian's "inquiry logging procedures, FCRA core compliance standards, prescreen compliance standards, and a technical guide" among those confidential documents from this case that they need to prosecute *Tailford*. (ECF No. 120 at 2.) But again, Plaintiffs used *all* of these confidential documents in crafting their *Tailford* complaint. *See, e.g.*, *Tailford*, ECF No. 1-1 at nn. 10, 22, 47.

Again, to the extent Plaintiffs' claims in *Tailford* survive at all, Experian is willing to consider negotiating reasonable amendments to the protective order in this

OPPOSITION TO MOTION TO INTERVENE
Case No. 8:17-cv-02232-JVS-KES

case to avoid the unnecessary duplication of efforts in *Tailford*. (Ball Decl. at ¶ 6.) But, at present, it remains to be seen whether *Tailford* will proceed at all. Thus, the Court should reject Plaintiffs' premature motion.

**<u>CONCLUSION</u>**

Simply put, Judge Selna already considered and denied the same request Plaintiffs make here. This Court should reach the same result and deny Plaintiffs' motion to intervene in its entirety.

Dated: March 24, 2020                    JONES DAY


By: */s/ Ryan D. Ball*
          Ryan D. Ball

Attorneys for Defendant
Experian Information Solutions, Inc.